FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>                Plaintiff,<br><br>v.<br><br>ETHAN WILKE, OFFICER BAXTER, JOHN DOE, JANE DOE 1415 E. HARTSON AVE, SPOKANE, WA, ZIP 99202; JOHN DOE, JANE DOE, 1413 E HARTSON AVE, SPOKANE WA ZIP 99202,<br><br>                Defendants. | NO. 2:24-CV-0371-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Defendants' Motion for Summary Judgment (ECF No. 16), Plaintiff's Motion for Summary Judgment (ECF No. 22), and Plaintiff's Motion for Entry of Non-Scannable Evidence (ECF No. 14). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 16) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED**,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

1 | and Plaintiff's Motion for Entry of Non-Scannable Evidence (ECF No. 14) is

2 | **GRANTED**.

3 | **BACKGROUND**

4 | This action arises out of an interaction that occurred while Plaintiff was

5 | being investigated for a reported hit and run. On October 25, 2024, Spokane

6 | Police Department ("SPD") officers, Detective Alexander Baxter ("Detective

7 | Baxter") and Officer Ethan Wilke ("Officer Wilke"), responded to a call reporting

8 | an alleged hit-and-run at the Liberty Park Terrace Apartments. ECF No. 17 at ¶ 1.

9 | Once on site, Detective Baxter and Officer Wilke spoke with Heidi Vrbata

10 | ("Ms. Vrbata") who told the officers she had witnessed a white pickup truck back

11 | into another vehicle in the apartment parking lot before driving off. *Id.* at ¶ 2. Ms.

12 | Vrbata was familiar with the driver as he lived in the apartment complex and

13 | provided a physical description. *Id.* at ¶ 4. Soon after, Plaintiff entered the parking

14 | lot and was approached by Detective Baxter and Officer Wilke as he walked

15 | toward the white pickup truck identified as the truck hitting the victim vehicle. *Id.*

16 | at ¶¶ 5,6. The officers began questioning Plaintiff about the alleged collision to

17 | which Plaintiff denied having any knowledge of. *Id.* at ¶ 6. Plaintiff appeared to

18 | be agitated by the questioning and demanded evidence of the collision including a

19 | request to examine the damage to the other vehicle. *Id.* After the parties examined

20 | the victim vehicle, Plaintiff walked up closely to Detective Baxter to walk around

1 him. *Id.* at ¶ 7. Detective Baxter responded by raising his arm, making contact
2 with Plaintiff's right arm, and pushing Plaintiff away while requesting that Plaintiff
3 keep some distance from Detective Baxter and stop trying to get behind him. *Id.*
4 Plaintiff agreed and asked to not be touched again. *Id.*

5 After Officer Wilke and Detective Baxter investigated the scene, they issued
6 Plaintiff a citation. *Id.* ¶ 9. Several days later, surveillance footage from the
7 security cameras located at Liberty Park Terrace Apartments was delivered to
8 Detective Baxter and appeared to show Plaintiff's vehicle backing into the victim
9 vehicle. *Id.* at ¶ 12.

10 Plaintiff subsequently brought this action against the City of Spokane,
11 Officer Wilke, Detective Baxter, the individuals who reported the hit-and-run, John
12 and Jane Doe 1415 E. Hartson Ave, Spokane, WA, and the owner of the vehicle,
13 Jane Doe 1413 E. Hartson Ave, Spokane, WA. ECF No. 1. Plaintiff alleges
14 claims of harassment, defamation, and invasion of privacy. *Id.* at 11-12.

## DISCUSSION

**A. Summary Judgment Standard**

Both parties move for summary judgment. The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary

judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The Court first addresses Defendants Detective Baxter and Officer Wilke's motion for summary judgment.

**B. RCW 4.96.020**

Defendants first argue Plaintiff's state law claims against Spokane City Police, Detective Baxter, and Officer Wilke should be dismissed because Plaintiff failed to properly file a notice of his claims pursuant to Washington law.

Under Washington's claims presentment statute, RCW 4.96.020, a plaintiff may not bring a civil tort claim "against a local government entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity" until sixty (60) days after filing a notice of a tort claim to the appropriate designee.  RCW 4.96.020.  "The purpose of Section 4.96.020 is to give governments time to investigate potential claims and to encourage settlement." *Richmond v. Spokane Cnty., Washington*, 2:21-CV-00129-SMJ, 2021 WL 4951574, at *2 (E.D. Wash. Oct. 25, 2021).

Plaintiff filed his Complaint only four days after the date of the alleged injuries and does not claim he filed or attempted to file notice of the claim prior to bringing this action.  ECF No. 1.  Therefore, Plaintiff's state law claims against Spokane City Police, Officer Wilke, and Detective Baxter were not properly brought before the Court and must be dismissed.

**C. Spokane City Police as a Party**

Defendants next address Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 against Spokane City Police, Detective Baxter Officer Wilke.  Defendants

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

first contend that the Spokane City Police is not a proper defendant subject to suit under Section 1983.  ECF No. 16 at 7-8.  The Court agrees.

"Federal district courts sitting in Washington State have concluded that Washington municipal police and sheriff's departments are not legal entities subject to suit."  *Maclay v. Cnty. of Spokane*, No. 2:14-CV-91-RMP, 2014 WL 7336903, at *6 (E.D. Wash. Dec. 22, 2014) (collecting cases).  Rather, a proper legal entity would be a local government unit or municipality such as the City of Spokane.  *See Bibbins v. Des Moines Police Dep't*, No. C13-139RAJ, 2014 WL 908884, at *2 (W.D. Wash. Mar. 7, 2014).  Therefore, because Spokane City Police is not a proper defendant, Plaintiffs Section 1983 claims against it must be dismissed.

**D. Claim One: Harassment**

Plaintiff's first claim alleges "Defendants engaged in a pattern of harassment by repeatedly and unreasonably accusing Plaintiff of a hit-and-run without substantiated evidence, intending to alarm, annoy, or cause substantial emotional distress to Plaintiff, in violation of RCW 10.14.080."  ECF No. 1 at 11.

Plaintiff's state law claim of harassment fails both because he failed to file notice of his claim as previously discussed and because RCW 10.14.080 was repealed in 2022.  RCW 10.14.080, *repealed* by Laws 2021, ch. 215, § 170, eff. July 1, 2022.  Defendants also argue that to the extent Plaintiff is asserting a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

harassment claim under § 1983, it does not stand against Defendants Officer Wilke and Detective Baxter because verbal harassment is not a cognizable claim under § 1983 and video footage substantiated the accusations against Plaintiff that he did hit the victim vehicle and leave the scene. ECF No. 16 at 8-9. The Court agrees that Plaintiff's harassment claim has no merit. The Ninth Circuit has held that verbal abuse or harassment does not establish a constitutional deprivation for purposes of § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Additionally, Plaintiff has not contradicted the specific facts as set forth by Defendants that their behavior was not unreasonable or harassing because the provided evidence—the body camera footage, police report, and Liberty Park Terrace Apartment surveillance footage—substantiated their allegations that Plaintiff was responsible for the reported hit and run. Plaintiff's argument that Defendants' version of events is contradicted by Plaintiff's own evidence (ECF No. 23 at 2) is insufficient as none of the stated evidence has been provided to the Court. *See Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff must provide specific and substantial evidence to defeat summary judgment). Therefore, Plaintiff's harassment claims against any of the named Defendants has no factual or evidentiary support and must be dismissed.

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

### E. Claim Two: Defamation

Defendants next argue Plaintiff's defamation claim should be dismissed for failing to identity any provably false statements. ECF No. 16 at 10. Plaintiff alleged in his complaint that "Defendants made false statements to third parties, including law enforcement, about Plaintiff's involvement in a hit-and-run incident, implying that Plaintiff was responsible for damages without any factual basis or direct evidence." ECF No. 1 at 11. As a result, Plaintiff's reputation and standing within the community was harmed. *Id.*

To establish defamation under Washington state law, Plaintiff must demonstrate that the alleged defamatory statement is provably false, "either in a false statement or because it leaves a false impression." *Mohr v. Grant*, 153 Wash. 2d 812, 825 (2005). Plaintiff has made no such showing that accusations by Defendants that he was involved in a hit-and-run was provably false. On the contrary, Defendants have provided direct uncontradicted video evidence supporting their statements that Plaintiff was the individual involved. ECF No. 17 at ¶ 12. Therefore Plaintiff has not identified any statement to support a claim for defamation under Washington law as to the Jane Doe and John Doe Defendants.

Similarly, any defamation claim under § 1983 also fails as Plaintiff must satisfy the "stigma plus" test. This test requires "an allegation of injury to a plaintiff's reputation from defamation accompanied by an allegation of injury to a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

1  recognizable property or liberty interest." *Crowe v. Cnty. of San Diego*, 608 F.3d

2  406, 444 (9th Cir. 2010). "There are two ways to state a cognizable § 1983 claim

3  for defamation-plus: (1) allege that the injury to reputation was inflicted in

4  connection with a federally protected right; or (2) allege that the injury to

5  reputation caused the denial of a federally protected right." *Herb Hallman*

6  *Chevrolet v. Nash–Holmes,* 169 F.3d 636, 645 (9th Cir.1999). Plaintiff's alleged

7  damage to his reputation alone is insufficient to establish a defamation claim under

8  § 1983.

9      For these reason, Plaintiff's defamation claim must also be dismissed.

### F. Claim Three: Invasion of Privacy

11      Defendants next argue Plaintiff has failed to state a claim for invasion of

12  privacy under § 1983. ECF No. 16 at 11-12. Plaintiff's invasion of privacy claim

13  states, "Defendants' actions in publicizing Plaintiff's personal information and

14  baseless accusations violate Plaintiff's right to privacy, exposing him to public

15  ridicule and harm without legitimate cause." ECF No. 1 at 12.

16      Publicity of private facts is one form of invasion of privacy recognized

17  under state law. *Emeson v. Dep't of Corrections*, 194 Wash. App. 617, 638 (2016).

18  To state a claim for invasion of privacy by publication Plaintiff must demonstrate

19  the publicized matter "(a) would be highly offensive to a reasonable person, and

20  (b) is not of legitimate concern to the public." *Id.* at 640 (quoting Restatement

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 9

1  (Second) of Torts § 652D).  Plaintiff has failed to put forth facts demonstrating

2  either element has been met.  Nor has Plaintiff presented any theory or supporting

3  facts demonstrating Defendants invaded a right of privacy secured to him by the

4  Constitution.  In fact, Plaintiff does not even explain what personal information

5  was allegedly publicized.  Moreover, Defendants have presented uncontradicted

6  evidence that the accusations made against Plaintiff were not baseless.  The Court

7  finds Plaintiff has failed to state any cognizable claim for invasion of privacy as to

8  any Defendant.

**G. Claim Four: Excessive Force**

Plaintiff's final claim is that of excessive force in violation of the Fourth Amendment.  Plaintiff alleges Detective Baxter "pushed Plaintiff aggressively while Plaintiff was explaining his whereabouts."  ECF No. 1 at 7.  Defendants argue that any force used by Detective Baxter was not excessive and was made in response to Plaintiff attempting to walk behind him.  ECF No. 16 at 14.

Before assessing whether excessive force occurred, the Court must first determine whether Plaintiff was seized within the meaning of the Fourth Amendment.  *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010) ("Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures.").  A seizure "can take the form of 'physical force' or a 'show of authority' that 'in some way restrain[s] the liberty' of the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

person." *Torres v. Madrid*, 592 U.S. 306, 317 (2021). Seizure by physical force requires "the use of force *with intent to restrain*." *Id.* (emphasis in original). A force intentionally applied for some other purpose does not implicate the Fourth Amendment. *Id.* Thus, the proper inquiry centers on "whether the challenged conduct *objectively* manifests an intent to restrain." *Id.* (emphasis in original).

After reviewing the body camera footage showing the contact Detective Baxter made with Plaintiff, the Court concludes a reasonable factfinder could not find Detective Baxter's use of force objectively manifested an intent to restrain. The undisputed video evidence shows Plaintiff walking around Detective Baxter within a close proximity, approaching him to show him a piece of paper he pulled from his pocket, and Detective Baxter lightly pushing on Plaintiff's arm while calmly telling Plaintiff to "be cool about my distance" and "stop trying to get behind me, ok?" ECF No. 20, Ex. A. at 1:23-1:31. The force was used to keep Plaintiff at a distance from Detective Baxter, not to restrain his ability to move or walk away. In fact, shortly after the contact, Plaintiff did walk away without incident. *Id.* at 1:53. Moreover, Plaintiff even states in his briefing he did not believe he was under arrest or detention during the interaction. ECF No. 23 at 2. Therefore, Plaintiff was not seized for Fourth Amendment purposes which excludes any Fourth Amendment claim of excessive force.

1  Where a claim for injuries due to excessive force is outside the context of a
2  seizure, the Fourteenth Amendment substantive due process standard is implicated
3  rather than the Fourth Amendment. *Puente v. City of Phoenix*, 123 F.4th 1035,
4  1050 (9th Cir. 2024). A person's right to substantive due process under the
5  Fourteenth Amendment is violated where a law enforcement officer's conduct
6  "shocks the conscience" and violates the "decencies of civilized conduct." *Cnty. of*
7  *Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). In this case, Detective Baxter's
8  light push of Plaintiff's arm did not rise to the level of conscience shocking
9  conduct needed to prevail on a Fourteenth Amendment claim. Thus, Plaintiff's
10 excessive force claim whether viewed under the Fourth or Fourteenth Amendment
11 fails.

**H. Qualified Immunity**

13 Defendants finally argue Detective Baxter and Officer Wilke are entitled to
14 qualified immunity. ECF No. 16 at 15-16. "The doctrine of qualified immunity
15 protects government officials from liability for civil damages insofar as their
16 conduct does not violate clearly established statutory or constitutional rights of
17 which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S.
18 223, 231 (2009) (internal quotation marks omitted). "In determining whether an
19 officer is entitled to qualified immunity, we consider (1) whether there has been a
20 violation of a constitutional right; and (2) whether that right was clearly established

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

1  at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112,

2  1116 (9th Cir. 2014).

3      As the Court previously discussed, none of the conduct by Officer Wilke or

4  Detective Baxter could be construed as a violation of Plaintiff's constitutional

5  rights. Plaintiff can therefore not make out the requisite constitutional violation to

6  overcome the first hurdle of the qualified immunity inquiry. As such, Defendants

7  Officer Wilke and Detective Baxter are qualifiedly immune from Plaintiff's

8  constitutional claims against them.

9  **CONCLUSION**

10      For the stated reasons, the Court finds Plaintiff has failed to state a claim as

11  to any Defendant, therefore Plaintiff's complaint is dismissed in its entirety with

12  prejudice.

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Entry of Non-Scannable Evidence (ECF No. 14) is **GRANTED**.

2. Defendants' Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

3. Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendants, provide copies to counsel and Plaintiff, and **CLOSE** this file.

DATED July 23, 2025.



THOMAS O. RICE
United States District Judge